**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THE MOODY BIBLE INSTITUTE OF CHICAGO, | |
| Plaintiff, | Case No. _____ |
| v. | Judge _____ |
| FLUYTCO, INC., | DEMAND FOR A JURY TRIAL |
| Defendant. | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT

For its complaint against Defendant Fluytco, Inc. ("Defendant" or "Fluytco"), Plaintiff The Moody Bible Institute of Chicago ("Plaintiff" or "Moody") alleges and states as follows:

## PRELIMINARY STATEMENT

This is an action for infringement of several of Plaintiff's incontestable federally registered trademarks, including, THE 5 LOVE LANGUAGES (Reg. No. 4,636,739) and THE FIVE LOVE LANGUAGES (Reg. No. 3,810,681), and common law trademark rights associated with similar marks (collectively, Registration Nos. 4,636,739 and 3,810,681 and similar common law trademarks, shall hereinafter be referred to as the "LOVE LANGUAGES Marks") under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114, for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), for unfair competition under Illinois Deceptive Trade Practices, and for substantial and related claims of trademark infringement under the common laws of the State of Illinois, all arising from Defendant's infringing use of LOVE LANGUAGE in connection with the manufacture, distribution, marketing, advertising, promotion, and offering for sale of Defendant's playing cards, board games, and related goods.

1

In particular, several goods registered in connection with Plaintiff's THE 5 LOVE LANGUAGES Registration, including publications, printed materials, and related goods, have been in the marketplace for nearly thirty years, and Defendant's recent launch of competing and confusingly similar playing cards, board games, and related goods under the trademark LOVE LANGUAGE is likely to cause consumer confusion. Plaintiff seeks permanent injunctive relief and an award of profits and actual damages, among other remedies, for Defendant's unlawful and willful conduct.

**PARTIES**

1.      Plaintiff The Moody Bible Institute of Chicago is an Illinois not-for-profit corporation with a business address at 820 North LaSalle Boulevard, Chicago, Illinois 60610.

2.      Upon information and belief, Defendant Fluytco Inc. is a corporation organized and existing under the laws of Canada with a business address at 117 Corrstate Ave, Unit 1, Concord, Ontario Canada L4K4Y2.

**JURISDICTION AND VENUE**

3.      This action arises and is brought under the Trademark Act of 1946, commonly known as the Lanham Act, 15 U.S.C. § 1051, *et seq.*, the Illinois Deceptive Trade Practices, and Illinois common law.

4.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, 1367, and 15 U.S.C. § 1121.

5.      This Court has personal jurisdiction over Defendant because Defendant purposefully conducts business in the State of Illinois, and within this district, including providing availability for the sale and purchase of its products sold under an infringing trademark over the Internet to Illinois consumers and businesses.

6.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district. Defendant's use of LOVE LANGUAGE is infringing Plaintiff's LOVE LANGUAGES Marks and is causing harm in this state and district, and Defendant is subject to personal jurisdiction herein.

## FACTUAL ALLEGATIONS AND BACKGROUND

### Plaintiff's LOVE LANGUAGES Trademark Registrations

7.      The Moody Bible Institute was founded in 1886 to educate people for Christian ministry. Since its founding, Moody has maintained its main campus on the Near North Side of Chicago.

8.      In addition to its undergraduate, graduate, online, conferences, correspondence, certificate, and other educational offerings, Moody equips people with Biblical training and perspective through its two major media ministries, namely Moody Radio and Moody Publishers.

9.      Moody's radio ministry began in 1926 when it launched the first non-commercial Christian radio station in the United States. Moody Radio continues to grow and its content is now available globally through more than over 700 radio outlets, digital apps, and streaming Internet stations. Moody Radio equips people with biblical insights and addresses today's issues from a biblical worldview.

10.     Moody's non-profit Christian publishing ministry began more than 125 years ago in the same Near North side Chicago, Illinois neighborhood as the Moody Bible Institute campus and operates today under the name Moody Publishers.

11.     Since its founding by D. L. Moody in 1894, Moody Publishers has distributed more than 300 million books, spanning from Bible commentary and reference to spiritual and relational growth, as well as award-winning fiction. Moody Publishers offerings are available in more than 71 languages and more than 130 countries around the world.

12.     Dr. Gary Chapman, Ph.D., pastor, speaker, and author of the publications, printed materials, and related goods bearing the LOVE LANGUAGES Marks, has a passion for people and for helping them form loving and lasting relationships. Dr. Chapman is a well-known marriage counselor and director of marriage seminars. Dr. Chapman travels the world presenting seminars on marriage, family, and relationships, and his radio programs air on more than 400 stations.

13.     The goods sold under the LOVE LANGUAGES Marks, as owned by Plaintiff, are some of Moody Publishers' and Dr. Chapman's most popular titles. Dr. Chapman and Plaintiff launched multiple series of publications, books, podcasts, seminars, and other related goods and services under the LOVE LANGUAGES Marks in 2007, though THE FIVE LOVE LANGUAGES Mark has priority dating back to 1992.

14.     Series of publications bearing the LOVE LANGUAGES Marks have sold more than fifteen million copies worldwide, have been translated into at least fifty languages, and have been on the New York Times best-sellers list since 2007.

15.     Dr. Chapman's series of publications, books, podcasts, seminars, and other related goods and services bearing the LOVE LANGUAGES Marks relate to personal skills and relationships and how relationships grow better when we understand each other, further his and Moody's goal to help people form loving and lasting relationships.

16.     Through Dr. Chapman's extensive research on effective communication and fulfillment in relationships, including personal, professional, romantic and plutonic relationships, involving individuals of all age groups and genders, he has identified five means of communication through which humans experience love: words of affirmation, acts, of service, receiving gifts, quality time, and physical touch. These five means of communication make up the five love

languages. Dr. Chapman has dedicated much of his life and ministry to creating, spreading and applying the five love languages to building strong relationships.

17.     Consumers access www.5lovelanguages.com to take The 5 Love Languages® quiz, answering a series of questions formulated through Dr. Chapman's extensive research to identify their primary love language, learn what it means, and how to use it to better connect to and communicate with others. Nearly ***forty-nine million consumers*** have taken The 5 Love Languages® quiz and engaged with the LOVE LANGUAGES Marks through that platform. Dr. Chapman's process aids consumers in identifying the primary love language to which they respond most positively, i.e. feel the most love, as compared to the others. Identifying a consumer's love language enables those individuals around the consumer, whether romantic partners, family members, coworkers, or friends, to identify and accordingly adjust their words and behavior to more effectively communicate love to the consumer.

18.     Consumers can also use the results of The 5 Love Languages® quiz to identify and accordingly adjust their words and behavior to more effectively communicate love other individual consumers with whom they interact.

19.     Consumers who have taken The 5 Love Languages® quiz on 5lovelanguages.com can access other resources such as the LOVE LANGUAGES DEVOTIONAL BIBLE, 101 Conversation Starters that is sold as the perfect companion to the bestselling books, The 5 Love Languages of Children, and The 5 Love Languages of Teenagers (**Exhibit A**), or listen to podcasts such as A LOVE LANGUAGE MINUTE (**Exhibit B**).

20.     Love Nudge, the official 5 Love Languages® mobile app, is a fun, habit-forming mobile application that helps consumers intentionally express love in ways that are most

meaningful to their partner. The Love Nudge app is an extension of Dr. Chapman's best-selling publications that uses the LOVE LANGUAGES Marks throughout the app.

21.     The Love Nudge app has nearly two million user downloads and is available on the App Store and Google Play, evidence of which is hereto attached as **Exhibits C-E**.

22.     Given the widespread readership of Moody Publishers and Dr. Chapman's publications, participation in The 5 Love Languages® quiz, and engagement with the Love Nudge app, there is no doubt that Plaintiff has built a devoted and significant consumer following around the LOVE LANGUAGES Marks that trusts and relies on Dr. Chapman's knowledge and expertise in guiding their words and actions in maintaining and growing their most valued personal and professional relationship.

23.     Plaintiff is the owner of valid and subsisting U.S. Trademark Registration No. 3,810,681, registered on the Principal Register in the United States Patent and Trademark Office, for the mark THE FIVE LOVE LANGUAGES that has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached as **Exhibit F** is a true and correct copy of the registration certificate for Plaintiff's United States Trademark Registration No. 3,810,681, that was issued by the United States Patent and Trademark Office on June 29, 2010, and has a priority date of 1992 based on Plaintiff's first use of THE FIVE LOVE LANGUAGES in connection with the listed goods on that date.

24.     Plaintiff has used THE FIVE LOVE LANGUAGES mark in commerce continuously since at least as early as 1992 in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising, and promotion of the above listed goods. Attached hereto as **Exhibit G** are representative samples showing Plaintiff's use of THE FIVE LOVE LANGUAGES mark in connection with the registered goods.

25.     U.S. Trademark Registration No. 3,810,681 for THE FIVE LOVE LANGUAGES covers the following goods:

> Class 16: Series of publications, namely, books, pamphlets, brochures and printed materials related to personal skills and relationships.

26.     Plaintiff is also the owner of valid and subsisting United States Trademark Registration No. 4,636,739, registered on the Principal Register in the United States Patent and Trademark Office, for the mark THE 5 LOVE LANGUAGES that has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached as **Exhibit H** is a true and correct copy of the registration certificate for Plaintiff's United States Trademark Registration No. 4,636,739, that was issued by the United States Patent and Trademark Office on November 11, 2014, and has a priority date of 2010 based on Plaintiff's first use of THE 5 LOVE LANGUAGES in connection with the listed goods and services on that date.

27.     Plaintiff has used THE 5 LOVE LANGUAGES mark in commerce continuously since at least as early as 2010 in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising, and promotion of the below listed goods and services. Attached hereto as **Exhibit I** are representative samples showing Plaintiff's use of THE 5 LOVE LANGUAGES mark in connection with the registered goods.

28.     U.S. Trademark Registration No. 4,636,739 for THE 5 LOVE LANGUAGES covers the following goods and services:

> Class 9: Electronic publications, namely, downloadable e-books in the field of personal skills and relationships; Downloadable software in the nature of a mobile application regarding personal skills and relationships; Audio and video recordings featuring information and advice about personal skills and relationships; Audio books in the field of personal skills and relationships; Pre-recorded DVDs featuring information and advice about personal skills and relationships.

Class 16: Series of publications, namely, books, pamphlets, brochures related to personal skills and relationships; printed materials, namely, calendars and greeting cards containing themes related to personal skills and relationships.

Class 41: Providing a website featuring blogs and non-downloadable publications in the nature of articles and study guides in the fields of personal skills and relationships; Providing a website featuring non-downloadable videos and audio recordings concerning information and advice about personal skills and; Educational services, namely, conducting conferences, seminars, webinars in the field of personal skills and relationships.

Class 45: Providing a website featuring information and advice about personal skills and relationships, not for entertainment purposes.

29.     Plaintiff is also the owner of the common law rights of a family of formative LOVE LANGUAGES Marks through its continuous use in interstate commerce with the aforementioned goods and services, including but not limited to, publications, printed materials, podcasts, radio programs, and seminars, and related goods and services in connection to personal skills and relationships. As a result of its widespread, continuous, and exclusive use of the LOVE LANGUAGES Marks to identify its goods and services, Plaintiff owns valid and subsisting federal statutory and common law rights in the LOVE LANGUAGES Marks.

30.     Plaintiff's LOVE LANGUAGES Marks are distinctive to both the consuming public and Plaintiff's trade.

31.     Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting its goods and services sold under the LOVE LANGUAGES Marks. Plaintiff has advertised its goods and service on local, national, and international news outlets. In addition, Plaintiff has advertised and promoted its goods and services sold under the LOVE LANGUAGES Marks through Google Ads, Amazon Advertising, Facebook, Instagram, and numerous national magazines such as *People Magazine*, *Forbes,* and the *HuffPost*.

32.     The LOVE LANGUAGES Marks and the goods and services offered thereunder have also received significant unsolicited coverage in various media, including the Oprah Winfrey Show and website, *The New York Times*, *Cosmopolitan*, *People Magazine, Brides.com,* and *Bustle*.

33.     Plaintiff offers and sells its goods and services under the LOVE LANGUAGES Marks to all ages and genders seeking relationship advice on how to effectively communicate and grow with each other. Representative samples of Plaintiff's goods and services offered and sold under the LOVE LANGUAGES Marks are listed below, evidence of which is attached hereto as **Exhibits J-P**:

(i)     The 5 Love Languages of Children;

(ii)    The 5 Love Languages for Men;

(iii)   The 5 Love Languages Military Edition;

(iv)    God Speaks Your Love Language;

(v)     The 5 Love Languages of Appreciation in the Workplace;

(vi)    The Five Love Languages: Singles Edition;

(vii)   Learn your Love Language (the official 5 Love Languages profile quiz);

(viii)  A Love Language Minute; and

(ix)    The 5 Love Languages of Teenagers.

34.     As a result of Plaintiff's considerable research, expenditures, and efforts, the LOVE LANGUAGES Marks have come to signify the high quality and value of the goods and services designated by the LOVE LANGUAGES Marks, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

**Defendant's Infringing LOVE LANGUAGE Trademark Application**

35.     On information and belief, Defendant is currently in the same industry as Plaintiff and provides nearly identical goods to those of Plaintiff, including printed materials that are similar in nature to Plaintiff's goods and services related to personal skills and relationships.

36.     On information and belief, Defendant was formed in 2019 in Canada.

37.     On information and belief, Defendant filed U.S. Trademark Application No.88/840,395 on March 19, 2020. Attached as **Exhibit Q** is a true and correct copy of Defendant's TESS Application Form for U.S. Trademark Application No. 88/840,395.

38.     U.S. Trademark Application No. 88/840,395 for LOVE LANGUAGE covers the following goods:

Class 28: Playing cards; Board games.

39.     On information and belief, Defendant began using the LOVE LANGUAGE trademark on June 28, 2019, in connection with the listed goods on that date.

40.     Upon information and belief, the goods Defendant provides under the infringing LOVE LANGUAGE trademark application are playing cards and board games, that are highly similar to and directly compete with the goods and services sold under Plaintiff's LOVE LANGUAGES trademarks. Evidence of Defendant's infringing playing cards bearing the infringing LOVE LANGUAGE trademark is hereto attached as **Exhibits R-S**.

41.     Defendant's infringing LOVE LANGUAGE goods are very similar to Plaintiff's goods and services that are sold in connection with the LOVE LANGUAGES Marks, all relating to personal skills and relationships. For example, Plaintiff's good and services and Defendant's goods target various kinds of relationships and how to grow and understand one another within certain relationships.

42.     Upon information and belief, Defendant sells its goods under the infringing LOVE LANGUAGE mark through the same channels of trade that Plaintiff sells its goods and services under the LOVE LANGUAGES Marks, including online and social media trade channels.

43.     Upon information and belief, Defendant sells its goods under the infringing LOVE LANGUAGE to the same types of consumers to whom the goods and services are sold to under Plaintiff's LOVE LANGUAGES Marks.

44.     Defendant's infringing LOVE LANGUAGE trademark application is highly similar to Plaintiff's the LOVE LANGUAGES Marks, as the two are highly similar in sight, sound, and meaning. Both contain the dominant elements "LOVE" and "LANGUAGE." As the infringing LOVE LANGUAGE trademark application and Plaintiff's LOVE LANGUAGES Marks are used in connection with competing goods and services, the trademarks are so similar that consumer confusion is likely.

45.     Defendant's infringing acts as alleged herein have resulted in actual confusion as evidenced by **Exhibits T-U**, wherein consumers are confused, deceived, and misled into thinking Defendant's goods are affiliated, associated, authorized, endorsed, or sponsored by Plaintiff.

46.     Defendant is substantially encroaching on Plaintiff's business as Defendant's goods sold under the infringing LOVE LANGUAGE mark directly compete with Plaintiff's goods and services sold under the LOVE LANGUAGES Marks.

47.     Defendant's infringing LOVE LANGUAGE trademark is used only on the outside of the package and in advertising, while the playing cards themselves are not marked in any such manner or place with the infringing mark, thereby acting as a bait-and-switch tactic to capture consumers' attention and entice them into purchasing Defendant's goods as they are confusingly

similar with the goods and services offered under Plaintiff's the LOVE LANGUAGES Marks, evidence of which is hereto attached as **Exhibits V-W**.

48.     Except for the package and advertising of Defendant's goods, the physical cards are labeled "BLAH BLAH BLAH," and do not bear the infringing LOVE LANGUAGE Mark in any such manner or place, evidence of which is hereto attached as **Exhibit X**.

49.     Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source of origin of Defendant's goods and have and are likely to deceive the relevant consuming public into mistakenly believing that Defendant's goods originate from, are associated or affiliated with, or are otherwise authorized by Plaintiff. Moreover, the subject matter of the Defendant's goods promotes actions by consumers that undermine Dr. Chapman's goal of building loving and lasting relationships and are inconsistent with the biblical principles that form the basis of Dr. Chapman's work and Moody's work.

50.     Defendant's infringing goods do not have the decades of expertise and research in personal and professional relationships that consumers expect to find with the goods and services bearing Plaintiff's LOVE LANGUAGES Marks. Instead, Defendant's infringing goods are untested and contain messages inconsistent with what consumers expect to find with the goods and services bearing Plaintiff's LOVE LANGUAGES Marks.

51.     Defendant's infringing acts as alleged herein have therefore likely caused and are likely to cause future immeasurable harm to the relevant consuming public. Specifically, given the devoted and significant consumer following around Plaintiff's LOVE LANGUAGES Marks, with over fifteen million books sold, nearly forty-nine million The 5 Love Languages® quiz takers, and over two million The Love Nudge mobile app downloads, consumers of Defendant's infringing

goods are being misled and deceived into putting trust in infringing goods to guide their words and actions in maintaining and growing their most valued personal and professional relationship. The potential harm to consumers is immeasurable.

52.     Upon information and belief, Defendant's use of its infringing LOVE LANGUAGE trademark is trading off the goodwill accumulated by Plaintiff's the LOVE LANGUAGES Marks, and is causing confusion and deception in the marketplace, and is diverting potential sales of Plaintiff's goods and services to Defendant.

53.     On or around August 17, 2020, Plaintiff's counsel spoke with Defendant's counsel at the time, Ronald Klenier, objecting to Defendant's use of the confusingly similar and infringing LOVE LANGUAGE trademark application and advising that such use was an infringement of Plaintiff's prior rights in the LOVE LANGUAGES Marks.

54.     Defendant's counsel communicated that he would bring the matter to his client. Defendant's failure to cease use of the LOVE LANGUAGE trademark and failure to abandon the infringing LOVE LANGUAGE trademark application has demonstrated that Defendant is not willing to cease its use of the LOVE LANGUAGE trademark, and as such, would continue infringing on the Plaintiff's rights. Plaintiff's counsel has tried without success to resolve this matter.

55.     On September 11, 2020, Plaintiff's counsel filed a Notice of Opposition against Defendant's U.S. Trademark Application No. 88/840,395 for LOVE LANGUAGE in the Trademark Trial and Appeal Board. Attached as **Exhibit X** is a true and correct copy of Opposition Proceeding No. 91264732. Upon filing this Complaint for Trademark Infringement, Plaintiff's will submit a Motion to Suspend for Civil Action to the Trademark Trial and Appeal Board pursuant to 37 C.F.R. § 2.117, and TBMP § 510.02(a) to suspend the Opposition proceeding before the

Trademark Trial and Appeal Board until this Court resolves this Complaint for Trademark Infringement.

56.     Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
### Federal Trademark Infringement 15 U.S.C. § 1114(1)(a)

57.     Plaintiff repeats and realleges paragraphs 1 through 56 hereof, as if fully set forth herein.

58.     Plaintiff owns all rights, title, and interest in and to the LOVE LANGUAGES Marks, including but not limited to all common law rights in the marks that have existed since Plaintiff's first use of THE FIVE LOVE LANGUAGES Mark in 1992 and THE 5 LOVE LANGUAGES Mark in 2010.

59.     Defendant's unauthorized use in commerce of the infringing LOVE LANGUAGE trademark began long after Plaintiff first used the LOVE LANGUAGES Marks to identify its goods, and is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods. Defendant's use of the infringing LOVE LANGUAGE trademark is also likely to cause consumers to believe, contrary to fact, that Defendant's goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

60.     Defendant's infringing acts as alleged herein have resulted in actual confusion in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

61.     Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and is also trading off of the valuable goodwill that Plaintiff has developed in the LOVE LANGUAGES Marks, that will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.

62.     Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff by undermining and distorting the valuable goodwill that Plaintiff has developed in the LOVE LANGUAGES Marks through its untested and inconsistent infringing use of the LOVE LANGUAGE trademark that will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.

63.     Defendant has refused to cease using the infringing LOVE LANGUAGE trademark despite Plaintiff's request that it do so. Defendant is on notice of its infringing actions that therefore constitute knowing, deliberate, and willful infringement of the LOVE LANGUAGES Marks, and make this an exceptional case under 15 U.S.C. § 1117(a).

64.     As a result of Defendant's knowing, deliberate, and willful infringement of the LOVE LANGUAGES Marks, Plaintiff has been irreparably harmed. Plaintiff has no adequate remedy at law.

65.     Plaintiff is entitled to, among other relief, injunctive relief, and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorney's fees, and costs of this action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**SECOND CLAIM FOR RELIEF**
**Federal Unfair Competition 15 U.S.C. § 1125(a)(1)(A)**

66.     Plaintiff repeats and realleges paragraphs 1 through 65 hereof, as if fully set forth herein.

67.     Plaintiff owns all right, title, and interest in and to the LOVE LANGUAGES Marks, including but not limited to all common law rights in the marks that have existed since Plaintiff's first use of THE FIVE LOVE LANGUAGES Marks in 1992 and THE 5 LOVE LANGUAGES Mark in 2010.

68.     Defendant's unauthorized use in commerce of the infringing LOVE LANGUAGE trademark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

69.     Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

70.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

71.     Defendant has refused to cease using the infringing LOVE LANGUAGE trademark despite Plaintiff's request that it do so. Defendant is on notice of its infringing actions that therefore constitute knowing, deliberate, and willful infringement of the LOVE LANGUAGES Marks, and make this an exceptional case under 15 U.S.C. § 1117(a).

72.     Plaintiff is entitled to, among other relief, injunctive relief, and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorney's fees, and costs of the action under Section 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## <u>THIRD CLAIM FOR RELIEF</u>
### Trademark Dilution 15 U.S.C. § 1125(c)

73.    Plaintiff repeats and realleges paragraphs 1 through 72 hereof, as if fully set forth herein.

74.    Plaintiff owns all right, title, and interest in and to the LOVE LANGUAGES Marks, including but not limited to all common law rights in the marks that have existed since Plaintiff's first use of the THE FIVE LOVE LANGUAGES Mark in 1992 and THE 5 LOVE LANGUAGES Mark in 2010.

75.    This Claim is based on trademark dilution in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(c).

76.    Plaintiff's LOVE LANGUAGES Marks are distinctive and famous marks within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

77.    Plaintiff's LOVE LANGUAGES Marks became distinctive and famous prior to the Defendant's acts as alleged herein.

78.    Defendant's acts as alleged herein have diluted and will, unless enjoined, continue to dilute, and are likely to dilute the distinctive quality of Plaintiff's LOVE LANGUAGES Marks.

79.    Defendant's acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish Plaintiff's LOVE LANGUAGES Marks by undermining and damaging the valuable goodwill associated therewith.

80.    Defendant's acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

81.    Plaintiff is entitled to, among other relief, an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under

Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgement interest.

## FOURTH CLAIM FOR RELIEF
### Illinois Uniform Deceptive Trade Practices

82.     Plaintiff repeats and realleges paragraphs 1 through 81 hereof, as if fully set forth herein.

83.     Plaintiff owns all rights, title, and interest in and to the Plaintiff's LOVE LANGUAGES Marks, including but not limited to all common law rights in such marks due to Plaintiff's first use of the LOVE LANGUAGES Marks in the State of Illinois.

84.     This Claim is based on unfair competition and deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510 *et seq*.).

85.     Plaintiff has used and is currently using the LOVE LANGUAGES Marks to identify its goods and services to distinguish them from the goods and services of others.

86.     Defendant's unauthorized use of marks confusingly similar to the LOVE LANGUAGES Marks demonstrates Defendant's willful or intentional intent to pass off its goods as those of the Plaintiff's in violation of 815 ILCS § 510/2 (a)(1).

87.     Defendant's unauthorized use of marks confusingly similar to the LOVE LANGUAGES Marks for its goods is likely to cause confusion, mistake, or deception as to the source, affiliation, connection, or association of Defendant's goods with Plaintiff, or as to the sponsorship, approval, or affiliation of Defendant with Plaintiff, in addition to engaging in other conduct that similarly creates a likelihood of confusion or misunderstanding in violation of 815 ILCS § 510/2 (a)(2), (a)(3), (a)(12).

88.     Defendant adopted and used marks confusingly similar to the LOVE LANGUAGES Marks with actual or constructive notice or knowledge of Plaintiff's superior exclusive rights in the LOVE LANGUAGES Marks.

89.     Defendant has refused to cease the confusingly similar and infringing use of the LOVE LANGUAGES Marks despite Plaintiff's request that it does so. Defendant's actions therefore constitute knowing, deliberate, and willful infringement of Plaintiff's the LOVE LANGUAGES Marks and make this an exceptional case under 815 ILCS § 510/3.

90.     As a result of Defendant's knowing, deliberate, and willful infringement of marks confusingly similar to Plaintiff's the LOVE LANGUAGES Marks, Plaintiff has been irreparably harmed. Plaintiff has no adequate remedy at law.

91.     Defendant will continue such infringement unless enjoined by this Court.

92.     Plaintiff is entitled to, among other relief, an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510/1 *et seq*.), together with prejudgment and post-judgement interest.

### FIFTH CLAIM FOR RELIEF
**Illinois Common Law Trademark Infringement**

93.     Plaintiff repeats and realleges paragraphs 1 through 92 hereof, as if fully set forth herein.

94.     Defendant's unauthorized use in commerce of the infringing LOVE LANGUAGE trademark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

95.     Defendant's acts constitute trademark infringement in violation of Illinois common law.

96.     Defendant will continue such infringement unless enjoined by this Court.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all matters and issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff The Moody Bible Institute of Chicago respectfully requests that this Court enter a Judgment and Order in its favor and against Defendant as follows:

A.     That Defendant has violated Section 32 of the Lanham Act, Section 43(a) of the Lanham Act and Section 43(c) of the Lanham Act.

B.     That Defendant has violated Illinois common law trademark infringement and the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510/1 *et seq.*).

C.     Granting an injunction permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

     a.  engaging in any activity that infringes Plaintiff's LOVE LANGUAGES Marks;

     b.  injuring Plaintiff's business reputation and goodwill associated with the LOVE LANGUAGES Marks and from otherwise unfairly competing, directly or indirectly, with Plaintiff;

     c.  making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's goods

and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

d.  registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the infringing LOVE LANGUAGE trademark or any other mark that infringes or is likely to be confused with the LOVE LANGUAGES Marks, or any goods and services of Plaintiff, or Plaintiff as their source;

e.  engaging in any activity that is likely to dilute the distinctiveness of or tarnish Plaintiff's LOVE LANGUAGES Marks; and

f.  aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (e).

D.  Granting such other and further relief as the Court may deem proper to prevent the public from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's goods and services.

E.  Directing Defendant to immediately cease all display, distribution, promotion, sale, offer for sale and/or use of any and all materials that feature or bear any designation or mark comprising of or incorporating LOVE LANGUAGE or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the LOVE LANGUAGES Marks, and to immediately remove them from public access and view.

F.      Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

G.      Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

H.      Awarding Plaintiff punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement.

I.      Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorney's fees thereunder (15 U.S.C. § 1117(a)).

J.      Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

K.      Awarding such other and further relief as the Court deems just and proper.

Dated: November 16, 2020

Respectfully submitted,

**THE MOODY BIBLE INSTITUTE OF CHICAGO,**

*/s/ Lamis G. Eli*
_____

Paul D. McGrady
pmcgrady@taftlaw.com
Lamis G. Eli
leli@taftlaw.com
Taft Stettinius & Hollister LLP
111 East Wacker, Suite 2800
Chicago, Illinois 60601
Tel:    (312) 527-4000
Fax:    (312) 527-4011

Kristin H. Hardy (*pro hac vice pending*)
khardy@taftlaw.com
Taft Stettinius & Hollister LLP
40 North Main Street, Suite 1700
Dayton, Ohio 45423
Tel:    (937) 641-2069
Fax:    (937) 228-2816

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THE MOODY BIBLE INSTITUTE OF CHICAGO, | |
| Plaintiff, | Case No. _____ |
| v. | Judge _____ |
| FLUYTCO, INC., | DEMAND FOR A JURY TRIAL |
| Defendant. | |

**EXHIBIT LIST**

**PLAINTIFF'S COMPLAINT FOR TRADEMARK INFRINGEMENT**

| Exhibit | Description |
|---|---|
| A | Bestselling books: The 5 Love Languages of Children, and The 5 Love Languages of Teenagers |
| B | Podcast: A LOVE LANGUAGE MINUTE |
| C-E | The Love Nudge app available on the App Store and Google Play |
| F | True and correct copy of Trademark Registration No. 3,810,681 (June 29, 2010) for the mark THE FIVE LOVE LANGUAGES |
| G | Representative samples showing Plaintiff's use of THE FIVE LOVE LANGUAGES mark in connection with the registered goods |
| H | True and correct copy of Trademark Registration No. 4,636,739 issued on November 11, 2014, and has a priority date of 2010 based on Plaintiff's first use of THE 5 LOVE LANGUAGES in connection with the listed goods and services on that date |
| I | Representative samples showing Plaintiff's use of THE 5 LOVE LANGUAGES mark in connection with the registered goods |
| J-P | Representative samples of Plaintiff's goods and services offered and sold under the LOVE LANGUAGES Marks |
| Q | True and correct copy of Defendant's TESS Application Form for U.S. Trademark Application No. 88/840,395 |
| R-S | Evidence of Defendant's infringing playing cards bearing the infringing LOVE LANGUAGE trademark |
| T-U | Evidence of Defendant's infringing acts resulting in actual confusion |

| Exhibit | Description |
|---------|-------------|
| V-W | Defendant's infringing LOVE LANGUAGE trademark is used only on the outside of the package and in advertising, while the playing cards themselves are not marked in any such manner or place with the infringing mark, thereby acting as a bait-and-switch tactic to capture consumers' attention and entice them into purchasing Defendant's goods as they are confusingly similar with the goods and services offered under Plaintiff's the LOVE LANGUAGES Marks |
| X | Except for the package and advertising of Defendant's goods, the physical cards are labeled "BLAH BLAH BLAH," and do not bear the infringing LOVE LANGUAGE Mark in any such manner or place |
| Y | On September 11, 2020, Plaintiff's counsel filed a Notice of Opposition against Defendant's U.S. Trademark Application No. 88/840,395 for LOVE LANGUAGE in the Trademark Trial and Appeal Board (Opposition Proceeding No. 91264732) |

28253391v1